IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:16CR270** |
| v. | |
| MARCO JIMENEZ FERNANDEZ, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on Marco Jimenez Fernandez's ("Fernandez") pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 75). For the reasons stated below, the motion is denied and no certificate of appealability will issue.

## I.      BACKGROUND

On May 5, 2017, Fernandez, with the assistance of an interpreter, pled guilty pursuant to a written plea agreement to possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). He was represented by Paul J. Forney ("Forney"). In his plea agreement, Fernandez generally waived his rights to appeal and collateral review, except for claims that the charge failed to state a crime or that Fernandez received ineffective assistance of counsel. He also reserved the right to appeal the Court's denial of his motion to suppress the evidence seized from his vehicle and all statements he made following a traffic stop in Omaha, Nebraska.

Before sentencing, Fernandez moved (Filing No. 60) for a downward variance based on the sentencing factors set forth in 18 U.S.C. § 3553(a). Noting he had "<u>no criminal history</u>," he argued he "was merely driving a vehicle that contained drugs" without knowledge of what he was carrying—though he suspected it was illegal. At

Fernandez's sentencing hearing on August 18, 2017, the Court denied Fernandez's motion but considered his arguments in setting his sentence.

Fernandez's presentence investigation report calculated an advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 70 to 87 months imprisonment (level 27, category I). Fernandez was not eligible for safety-valve relief because he did not truthfully proffer to the government all information and evidence he had related to his offense. 18 U.S.C. § 3553(f)(5); U.S.S.G. §§ 2D1.1(b)(17), 5C1.2(a). The Court sentenced Fernandez to seventy months imprisonment—the bottom of his advisory Guidelines range—and three years of supervised release. At the close of the hearing, the Court reminded Fernandez he had waived most of his appeal rights but had preserved his right to appeal the denial of his suppression motion. The Court told Fernandez that if he wanted to appeal, he "should discuss that in more detail with" Forney. Fernandez did not appeal his conviction or sentence.

On February 12, 2018, Fernandez timely moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. As grounds for relief, Fernandez asserts his legal counsel was "poor and ineffective" and never helped him. According to Fernandez, Forney never visited, pushed him to plead guilty, promised he would receive a sentence below seventy months, misled him about his eligibility for safety-valve relief, and never discussed his "appeal rights in any way." Fernandez also asserts he did not fully understand the legal proceedings because of his "limited knowledge of English and the law."

On June 7, 2018, the Court conducted an evidentiary hearing regarding Fernandez's § 2255 Motion. Fernandez participated by telephone with the assistance of an interpreter. Forney was called as a government witness and appeared in person. Both testified in detail about Forney's representation of Fernandez. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) (explaining that filing a § 2255 motion based on

ineffective assistance of counsel implicitly waives the attorney-client privilege on matters implicated by the ineffective-assistance claim).

## II.     DISCUSSION
### A.     Standard of Review

Under § 2255(a), a federal prisoner may seek post-conviction relief if his "sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### B.     Allegations of Ineffective Assistance of Counsel

Fernandez's § 2255 motion turns on his claims of "poor and ineffective legal counsel." The Sixth Amendment to the U.S. Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 698 (1984). To prove ineffective assistance of counsel and obtain relief under § 2255, Fernandez must show his trial counsel's performance was both "deficient"—that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

Counsel's performance is deficient when it falls "below an objective standard of reasonableness" "under prevailing professional norms." *Id.* at 688. The Court's review of counsel's performance is highly deferential. *Id.* at 689. The Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective

at the time." *Id.* In evaluating counsel's performance, the Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

To prove prejudice, Fernandez "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "It is not sufficient for [Fernandez] to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693). In the context of Fernandez's guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Even "inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009).

"[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). "For such a claim to succeed, however, [the petitioner] must show that she instructed her counsel to file an appeal." *Barger*, 204 F.3d at 1182. "A bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* "A defendant 'faces a heavy burden' to establish

ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *Apfel*, 97 F.3d at 1076).

The Court has reviewed Fernandez's allegations and the record in this case in light of these standards and finds Fernandez is not entitled to relief. Fernandez says Forney never visited him to discuss his case, pushed him to plead guilty, promised he would receive a sentence below seventy months, misled him about the safety-valve, and never discussed his "appeal rights in any way." Notwithstanding that last categorical assertion, Fernandez now states he asked Forney to file an appeal shortly after signing the plea agreement when he learned he would be sentenced to seventy months. Fernandez had some trouble remembering but thought he asked to appeal before going to his last court hearing, which would have been his sentencing hearing. According to Fernandez, his limited understanding of English and the law "combined with . . . poor legal advice" from Forney caused him to "forfeit [his] appeal rights and other forms of relief by signing the plea" agreement. Fernandez's ineffective-assistance claims are contradicted by the record and his own testimony.

Fernandez and Forney both testified Forney visited Fernandez numerous times throughout his representation. Forney—without any challenge from Fernandez—set the number of visits at fifteen or more. He and Fernandez agreed that in all but two or three visits he used an interpreter, including when Forney reviewed the plea agreement with Fernandez and advised him that he was waiving most, but not all, of his appeal rights. For those few visits where no interpreter was present, Forney explained he did not discuss critical issues or use legal terms and was able to effectively communicate with Fernandez, who testified he speaks a little English.

Forney denied ever promising Fernandez a sentence below seventy months or discouraging him from pursuing safety-valve relief. Forney stated he discussed the requirements and potential benefits of the safety-valve with Fernandez several times but

that Fernandez refused to meet with the case agent to proffer any information he had related to the case. On cross-examination, Fernandez admitted he refused to meet with the case agent in his case, explaining that he had no information to give. Forney testified he told Fernandez that even if a defendant does not have a lot of useful information, they can still benefit from the safety valve, but Fernandez still insisted that he did not want to proffer.

With respect to Fernandez's appeal rights, Forney explained he discussed those rights in detail with Fernandez, including the condition in the plea agreement that preserved Fernandez's right to appeal the denial of his suppression motion. Forney testified Fernandez never asked him to file an appeal. Forney's testimony is credible and fully supported by the record.

In his petition to enter a guilty plea (Filing No. 52-1), which is in both English and Spanish, Fernandez reported he was fully satisfied with Forney and had no objections as to the way Forney represented him to that point. He stated he understood the charges against him, that his guilty plea was his "own choice, free of any force or threats from anyone," and that no one made any promises outside his plea agreement that caused him to plead guilty. Fernandez acknowledged his petition and plea agreement were read to him in Spanish and that an interpreter interpreted any questions and answers related to those documents.

At his change-of-plea hearing, Fernandez, again with the help of an interpreter, advised the Court he was able to effectively communicate with Forney using an interpreter and that he had no complaints about Forney or his legal advice. In response to the Court's questions, Fernandez stated he understood the terms and conditions of the plea agreement and confirmed that no one had made any threats or promises to get him to plead guilty that were not in the plea agreement. Before Fernandez conditionally pled guilty, the Court advised him he faced a sentence of up to twenty years and was giving up

6

nearly all his appeal rights. Fernandez said he understood the rights he was giving up and everything else discussed at the hearing. His answers were unequivocal.

Fernandez's "representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). He fails to overcome that barrier. Fernandez's unequivocal answers during his change of plea are far more credible than his conflicting testimony at the § 2255 hearing. And his unspecific and unsupported claim that he asked Forney to file an appeal is insufficient to overcome Forney's credible statements to the contrary. *See Barger*, 204 F.3d at 1182.

Based on the foregoing, the Court finds Fernandez has not shown Forney's representation was constitutionally deficient in any respect. Further, Fernandez has not adduced any probative evidence of prejudice, let alone shown that but for Forney's alleged "errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Fernandez's motion must be denied.

## C. No Certificate of Appealability

Before an applicant can appeal the denial of a § 2255 motion, he must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant makes a substantial showing "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Fernandez has not made such a showing, and the Court will not issue a certificate of appealability. Accordingly,

IT IS ORDERED:

1. Marco Jimenez Fernandez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 75) is denied.

2. No certificate of appealability will issue.

3. A separate judgment in accordance with this Memorandum and Order will be entered this date.

4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the Judgment to Marco Jimenez Fernandez at the address of record for his current place of incarceration.

Dated this 27th day of June 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge